**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Keith Cantrell, | ) | CASE NO. 1:11 CV 1785 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Equity Trust Company, et al., | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**Introduction**

This matter is before the Court upon plaintiff's Motion to Remand (Doc. 7). This case arises out of plaintiff's former employment with defendants. The issue herein is whether defendants properly removed this case on the basis of federal question jurisdiction. For the following reasons, plaintiff's motion is GRANTED.

**Facts**

Plaintiff, Keith Cantrell, filed his Complaint against defendants, Equity Trust Company, Equity Administrative Services, Inc., Eric Thomas, and John Does 1-2, in the Cuyahoga County Common Pleas Court. The Complaint alleges the following.

Plaintiff was employed by Equity from July 2008 until May 2011. Equity is a trust

1

services, financial services, and retirement planning company. Eric Thomas was the Manager of Business Development, and plaintiff's immediate supervisor. He participated in the decision to terminate plaintiff. John Does 1-2 are unknown Equity employees and/or owners who exercised management level supervision and control, and participated in the decision to terminate plaintiff.

Plaintiff was a sales representative until June 2009, when he was given the title of Retirement Plan Specialist. Also in June 2009, plaintiff was promoted to the position of sales supervisor and given the title of Supervisor of Business Development. He held that position until his termination in May 2011.

In January 2011, plaintiff was subpoenaed to testify at deposition in litigation involving claims of racial discrimination and wrongful termination by a former Equity employee against Equity. Plaintiff testified in February 2011, and provided truthful testimony. As a result, defendants retaliated against plaintiff and took adverse actions against him including making negative comments, diminishing his supervisory authority, raising his sales goals, decreasing his compensation, and ultimately terminating him.

In March 2011, plaintiff took a short unpaid medical absence which was authorized and approved by Equity pursuant to its employee absence policy. In April 2011, plaintiff was authorized and approved by Equity to take short intermittent medical absences. Plaintiff requested reasonable accommodations related to his employment as a result of his medical condition. Equity thereafter discriminated, retaliated, and took adverse actions against plaintiff. Defendant Thomas made comments critical of plaintiff and related to his medical condition and absences.

The Complaint sets forth six claims.  Count one alleges wrongful termination and asserts that plaintiff was terminated in violation of Ohio's public policy of promoting truthful testimony of witnesses.  Count Two alleges disability discrimination under Ohio Revised Code §§ 4112.01 and 4112.99.  Count Three alleges wrongful termination in violation of the laws of Ohio and Ohio's public policy of promoting the ability of employees to pursue necessary medical care and related absences from work.  Count Four alleges intentional infliction of emotional distress. Count Five alleges unpaid overtime wages under the Ohio Revised Code and Ohio law. Count Six alleges retaliation under the Ohio Revised Code and Ohio law.

Defendants thereafter filed a Notice of Removal of the Complaint.  This matter is now before the Court upon plaintiff's Motion to Remand.

**Discussion**

28 U.S.C. § 1447(c) states in part, "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

Defendants assert in the Notice of Removal that plaintiff's allegations relating to his medical absences were pursuant to the federal Family and Medical Leave Act (FMLA), and that Count Three, which alleges that "Defendants took adverse employment actions and terminated [plaintiff] because of his pursuit of necessary medical care and absence from work for medical reasons," is actually an FMLA retaliation claim.  Consequently, it is an attempt to disguise a federal FMLA claim as a state law claim for wrongful termination.

Plaintiff contends that Count Three does not invoke the FMLA, and is a *contractually* based claim relating to the discriminatory application of Equity's paid "employee absence

3

policy" referred to in the factual background of the Complaint (Compl.¶ 24) and which plaintiff states (although not alleged in the Complaint) is set forth in the Employee Handbook. Plaintiff also points out that Count Three alleges, "A clear public policy exists under Ohio law in favor of promoting the ability of employees [to] pursue medical care, to take medical absences *where authorized and approved under the terms of employment,* and to return to employment following medical absences." (Compl. ¶ 52, emphasis added) As such, plaintiff maintains that his wrongful discharge claim is based on Ohio's public policy of enforcing agreements, and that defendants violated that public policy when they authorized paid leave but then terminated plaintiff for taking it.[1] Plaintiff states that he could have alleged an FMLA claim, but declined to do so.

Defendants argue that removal was proper because Count Three is actually an FMLA retaliation claim given that plaintiff's claims therein relate solely to an employee's ability to pursue medical care, take medical absences, and return to employment following medical absences. And, while plaintiff refers to a violation of the laws of Ohio, these rights, defendants assert, arise from the FMLA because Ohio does not have a statute governing medical leaves of absence such as those referenced in plaintiff's Complaint. Furthermore, defendants point out that Ohio does not recognize a public policy separate from the FMLA, citing Ohio cases stating that the FMLA cannot form the basis for a public policy claim under Ohio law. Rather, defendants maintain, plaintiff has attempted to artfully plead his wrongful termination claim in order to avoid federal jurisdiction. In fact, defendants assert, plaintiff's

---

[1] Plaintiff also argues that discrimination against disability under Ohio law additionally forms the basis of his public policy claim. The Court need not reach this argument.

request for a leave of absence for his medical condition was approved as intermittent leave by defendants under the FMLA as evidenced by an FMLA Designation Notice submitted by defendants. (Notice of Removal Ex. A) Nor, defendants contend, does Count Three refer to an "employee absence policy" or Equity's Employee Handbook.

For the following reasons, the Court finds that remand is appropriate.

In Ohio, wrongful termination or discharge is a tort asserting that the employee's dismissal contravenes a public policy manifested by state or federal law. The Sixth Circuit has held that a "plaintiff's state-law employment claim alleging wrongful discharge in violation of federal public policy does not raise a substantial federal question over which federal courts may exercise original or removal jurisdiction..." *Eastman v. Marine Mechanical Corporation,* 438 F.3d 544 (6th Cir. 2006). In *Eastman,* the action was removed citing plaintiff's wrongful termination claim based on the violation of public policy found in two federal statutes punishing, and creating civil penalties for, presenting false claims to the government. In finding no jurisdiction, the Sixth Circuit recognized,

> Employment litigation is a common occurrence in both federal and state courts. Federal legislation has provided access to the federal courts by aggrieved employees under specifically delineated circumstances, e.g., Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.; Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.; Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq*., but our perception is that the bulk of the judicial business in the United States in this area is conducted by the state courts. This balance would be upset drastically if state public policy claims could be converted into federal actions by the simple expedient of referencing federal law as the source of that public policy. We believe such a dramatic shift would distort the division of judicial labor assumed by Congress under section 1331.

*Id.* at 553.

The Complaint labels Count Three as one for "Wrongful Termination- Medical Care."

5

Count Three does not reference the FMLA as the source of the public policy allegedly violated. In fact, as pointed out by defendants, Ohio does not recognize a cause of action for wrongful discharge in violation of the public policy embodied in the FMLA. *Calvin v. Honda of America Mfg., Inc.,* 346 F.3d 713 (6th Cir. 2003)(citations omitted). The Court recognizes that defendants are asserting that Count Three is actually an FMLA claim itself, i.e., retaliation for exercising FMLA rights. The Court is not required, however, as urged by defendants, to construe Count Three as an FMLA retaliation claim. The Court notes that where the relief requested is available only under federal law, then the claim is a federal cause of action and there is no state claim. *See Swartz v. Oracle Corp.,* 2011 U.S.Dist. Lexis 39584 (N.D.Ohio April 12, 2011) (citations omitted). But, the Court cannot say with certainty that plaintiff's claim is actually an FMLA claim, and not a wrongful discharge claim based upon a public policy of Ohio. If the latter does not support plaintiff's claim, and if there is no public policy based upon Ohio law prohibiting adverse employment consequences for taking medical leaves of absence, then perhaps plaintiff's claim is subject to dismissal in the state court.

Rather, the Court finds the admonition of the Sixth Circuit in *Eastman* against converting state employment cases into federal claims to predominate here. Plaintiff's Complaint alleges all state law claims based on tort and statute. Plaintiff has not specifically referenced one of the federal employment statutes identified above. This matter belongs in the state court. As this Court lacks subject matter jurisdiction, the matter is remanded to the

Cuyahoga County Common Pleas Court.[2]

**Conclusion**

For the foregoing reasons, plaintiff's Motion to Remand is granted.

    IT IS SO ORDERED.


        /s/ Patricia A. Gaughan
        PATRICIA A. GAUGHAN
        United States District Judge

Dated: 10/17/11

---

[2] Plaintiff seeks an award of reasonable attorney's fees and expenses in connection with the request to remand.  That request is denied given that defendants' removal was objectively reasonable, although the Court ultimately disagreed.